## In re ELLITHORPE.

(District Court, W. D. New York. August 8, 1901.)

No. 382.

BANKRUPTCY—EXEMPTIONS—PROPERTY PURCHASED WITH PENSION MONEY.

Under the laws and decisions of New York a bankrupt pensioner of the United States is not entitled to have set off as exempt real property purchased in the first instance partly with pension money, but out of which he has withdrawn, by way of mortgage, more than the pension money originally put in, and used the money so withdrawn in other ventures.

In Bankruptcy. On review of order of referee.

Calvin S. Crosser, for bankrupt.

William H. Means, trustee, in pro. per.

HAZEL, District Judge. The bankrupt objects to the refusal of the referee to set off to him as exempt certain real property alleged to have been purchased with pension money. Under the provisions of the bankruptcy act, the bankrupt is entitled to the exemptions allowed him by the state of his residence. The present case is therefore governed by the laws of the state of New York. The authority for the bankrupt's claim is based on section 1393 of the Code of Civil Procedure of the state, which provides, among other things:

"The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the state of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a state for military or naval services: * * * are also exempt from levy and sale, by virtue of an execution, and from seizure for non-payment of taxes, or in any other legal proceeding; except that real property purchased with the proceeds of a pension granted by the United States for military or naval services and owned by the pensioner, or by his wife or widow, is subject to seizure and sale for the collection of taxes or assessments lawfully levied thereon."

This section has been construed by the state court of appeals, and the rule of that court will be adopted here. The exemption of the pension money is for the benefit of the pensioner, and is not permitted to inure to the benefit of any other person. The money may be applied to his support and maintenance, may be saved intact for future use, or may be invested by the beneficiary in real or personal property necessary for the maintenance and support of himself and family. Such property is exempt as long as it can be strictly identified as the actual proceeds of the pension. If the pension is embarked in business enterprises or employed in speculation, which results in intermingling the bounty of the government with other property interests and rendering the pension funds incapable of identification, then the statutory exemption is lost. Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, 7 L. R. A. 557, 16 Am. St. Rep. 855. The referee has exhaustively and accurately reviewed the authorities upon this question. He has fully and correctly reported the facts. I have examined the evidence as handed up by the referee. It clearly appears that the real property in question was only partly

purchased with pension money, and was not necessary or convenient for the support and maintenance of the pensioner and his family. It is not essential that the pensioner should reside on the property claimed to be exempt, but, as the referee well states, it is not unreasonable to require that a bankrupt claiming exemption should show:

·"(1) That the property claimed was originally purchased, or is the outcome by exchange or transfer of property originally purchased, with the pension money, and that its substitute now claimed was and is necessary and convenient for the support and maintenance of the pensioner's family; and (2) that the property claimed is worth above the mortgage no more than the pension money originally put in, and that that money is still in the property."

It is insisted by counsel for bankrupt that, inasmuch as a pensioner would be entitled to an increase of pension money judiciously invested, an investment in real estate, and the increase thereof realized by virtue of rents, barter, and sale, are also exempt. The rule of law, briefly stated, is that if the investment solely of the pension money is in the nature of a particular kind or class, intending to provide either for the present or future welfare of the pensioner and his family, it will be protected as exempt. The proofs do not show that any such intention existed on the part of the bankrupt at the time of the investment nor since, and it also appears that the bankrupt has more than twice received the amount of pension money invested in this property, as a result of sales of a portion thereof. Proof of the essential elements justifying exemption is lacking.

The question submitted for review, whether under the laws and decisions of the state of New York a bankrupt pensioner of the United States is entitled to claim and have set off to him as exempt real property purchased in the first instance partly by pension money, out of which the bankrupt has withdrawn, by way of mortgage, more money than the pension money originally put in, and used such moneys so withdrawn in other ventures, must be answered in the negative. So ordered.